IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRESHAUN NICHOLS, | ) | CASE NO. 5:14 CV 1271 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CHRISTOPHER LaROSE, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me by referral[1] in the matter of the *pro se* petition of BreShaun Nichols for a writ of habeas corpus under 28 U.S.C. § 2254[2] is a motion by respondent Warden Christopher LaRose to dismiss the petition as time-barred.[3] Nichols has not responded to the motion to dismiss but had earlier filed a motion for leave to amend his petition.[4]

For the reasons that follow I will first recommend that the Warden's motion to dismiss the petition as time-barred be granted, and then that Nichols's motion to amend be denied as moot.

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Patricia A. Gaughan in a non-document order entered on August 6, 2014.

[2] ECF # 1.

[3] ECF # 8.

[4] ECF # 7.

## Facts

The facts relevant to adjudicating the Warden's motion are neither lengthy nor complex.

In 2009, Nichols was convicted at a jury trial in the Summit County Court of Common Pleas of felonious assault, attempted murder, aggravated robbery, and having a weapon while under disability[5] and was sentenced to a total of 29 years in prison.[6] Nichols filed a timely appeal with the Ohio appeals court, which, on November 24, 2010, then affirmed the decision of the trial court.[7] Nichols did not seek leave to appeal that decision to the Supreme Court of Ohio.[8]

Instead, approximately six months later on June 9, 2011, Nichols, *pro se*, moved the trial court to dismiss his sentence.[9] On August 9, 2011, the trial court held a new sentencing hearing to properly impose post-release controls.[9] Nichols did not appeal that decision to the Ohio appeals court.[10]

---

[5] ECF # 8, Attachment (state court record) at 19, 26.

[6] *Id.*, at 28.

[7] *Id.*, at 116.

[8] *See*, ECF # 8 at 9.

[9] ECF # 8, Attachment at 150.

[9] *Id.*, at 168.

[10] ECF # 8 at 9.

Meanwhile, on July 20, 2011, or while the trial court was addressing the issue of sentencing, Nichols, *pro se*, filed a delayed motion under Ohio Appellate Rule 26(B) to reopen his appeal.[11] The appeals court denied the application to reopen, finding that it was untimely and that Nichols had not shown cause for making delayed application.[12] Once again, Nichols did not seek leave to appeal that decision to the Ohio Supreme Court.[13]

Then on March 28, 2013, or more than a year after he was re-sentenced and his Rule 26(B) application was denied as untimely, Nichols, *pro se*, moved the trial court to vacate or set aside his conviction and sentence.[14] That motion was dismissed as untimely.[15] Nichols's appeal from that decision was denied by the appellate court,[16] and the Supreme Court of Ohio declined to accept jurisdiction of his attempt to further appeal this matter.[17]

Nichols filed the present petition for federal habeas relief on June 6, 2014.[18] As such, although the petition was filed within weeks of when the Ohio Supreme Court declined leave to appeal as regards Nichols's untimely Rule 26(B) application, it was filed well after

---

[11] ECF # 8, Attachment at 138.

[12] *Id*. at 148.

[13] ECF # 8 at 9.

[14] ECF # 8, Attachment at 178.

[15] *Id*. at 194.

[16] *Id*. at 233.

[17] *Id*. at 261.

[18] ECF # 1 at 16.

Nichols's conviction was final on January 8, 2011.[19] As the Warden notes, absent tolling, Nichols was required by the one-year habeas limitations period to file a petition by January 8, 2012. Instead, the Warden argues, only the 62 days in the summer of 2011 during which the trial court adjudicated the motion to dismiss actually tolled the limitations period.[20] Neither Nichols's untimely Rule 26(B) application and subsequent appeals, nor his untimely 2013 postconviction motion to vacate, had any effect on the limitations period.[21]

Just as important, the Warden observes that the entire year 2012 passed without Nichols doing anything.[22]

Finally, as also discussed at some length by the Warden in his supporting brief, Nichols has not shown that he is entitled to a later starting date for the limitations period[23] and has not shown that he is entitled to equitable tolling given his lack of any activity in the case for the entire year of 2012.[24]

---

[19] The Warden points out that Nichols's conviction was not finalized by his re-sentencing in 2011 to properly impose post-release control, because the sentence was not challenged during direct appeal but was attacked in a post-conviction petition. Thus, a re-sentencing under those circumstances does not restart the one-year habeas limitations period. *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012). But even if the 2011 re-sentencing did re-start the one-year period, that period would have expired in 2012 and not made this 2014 petition timely.

[20] ECF # 8 at 16.

[21] *Id.* at 16-17.

[22] *Id.* at 17.

[23] ECF # 8 at 20-23.

[24] *Id.* at 23-25.

Finally, as noted earlier, the Warden filed this motion to dismiss on September 26, 2014. In the nearly seven months subsequent to that filing Nichols has not responded with any argument as to why the Warden's analysis is incorrect or any reason why this Court should not dismiss his petition as time-barred.

## Analysis

### A.    Time limitation

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[25] a person in custody under a judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[26]

_____

[25] Pub. L. No. 104-132, 110 Stat. 1214.

[26] 28 U.S.C. § 2244(d)(1).

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a "properly filed" application for state postconviction relief or other collateral review. A state application for postconviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.[27] State postconviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2).[28]

"The tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run."[29] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar.[30]

Moreover, the AEDPA's statute of limitations is subject to equitable tolling,[31] "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances

---

[27] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

[28] *See*, *Allen v. Siebert*, 552 U.S. 3, 5-6 (2007) (per curiam); *see also*, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003).

[29] *Vroman*, 346 F.3d at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

[30] *Id.*

[31] *See*, *Holland v. Florida*, 560 U.S. 631, 646 (2010).

beyond the litigant's control."[32] Equitable tolling is granted "sparingly."[33] A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing."[34] Although the Sixth Circuit previously used a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland v. Florida's* two-part test has replaced the five-factor inquiry as the "governing framework" to apply.[35]

**B.   The present petition should be found untimely.**

For the reasons set forth above, I recommend that the present petition be found to be time-barred.

## Conclusion

As stated, I recommend first that the petition of BreShaun Nichols be found to be time-barred, and thus the motion of the Warden to dismiss[36] should be granted. Further, if this

---

[32] *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), cert. denied, 133 S. Ct. 187 (2012).

[33] *Id.* (quoting *Robertson*, 624 F.3d at 784).

[34] *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also*, *Pace*, 544 U.S. at 418.

[35] *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n.1 (6th Cir. 2011), cert. denied, 132 S. Ct. 456 (2011)).

[36] ECF # 8.

recommendation is adopted, I further recommend that Nichols's motion for leave to amend[37] be denied as moot.

Dated: April 13, 2015                              s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[38]

---

[37] ECF # 7.

[38] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).